**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **ROBERT WALDEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 3:19-cv-00621** |
| ) | **Judge Trauger** |
| **JASON MURRELL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

Robert Walden, a pretrial detainee at the Davidson County Sheriff's Office in Nashville, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Jason Murrell and Matt Norris. (Doc. No. 1.) He also filed an application to proceed in this court without prepaying fees and costs (Doc. No. 2) and a motion to appoint counsel (Doc. No. 5).

## I.      Application to Proceed as a Pauper

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's *in forma pauperis* application that he cannot pay the full filing fee in advance, his application (Doc. No. 2) will be granted. The $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

## II.     Initial Review

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A. The court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept

the factual allegations as true unless they are entirely without credibility, *see Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

The plaintiff submitted a complaint (Doc. No. 1), supplement to the complaint (Doc. No. 4) and amended complaint (Doc. No. 6). The allegations within these filings are very similar, with some minor differences in detail. The court has considered these allegations collectively and hereafter summarizes them for the purpose of conducting an initial review.

Jason Murrell and Matt Norris are detectives with the Metro Nashville Police Department ("MNPD"). (Doc. No. 1 at 2.) Around 10:30 a.m. on August 1, 2018, the plaintiff was a passenger in a vehicle stopped by Murrell and Norris for having a broken tail light. (Doc. No. 1 at 5; Doc. No. 6 at 1.) Murrell and Norris found a "small amount" of illegal narcotics in the driver's side door. (Doc. No. 6 at 1.) The driver "claimed" the narcotics, received a "state citation," and was then "released." (Doc. No. 1 at 6.) The plaintiff, meanwhile, alleges that he remained detained for at least seven hours in the back seat of a police car in a daycare center parking lot with his arms handcuffed behind his back. (Doc. No. 6 at 2.) He alleges that it was 95 to 100 degrees, and he did not have access to a bathroom, water, phone call, or attorney. (Doc. No. 1 at 5–6.)

After the driver was released, Detectives Norris and Murrell searched the plaintiff and checked for outstanding warrants through the National Crime Information Center database. (Doc. No. 4 at 1.) The plaintiff alleges that he did not have any illegal contraband or outstanding warrants. (Doc. No. 1 at 5; Doc. No. 4 at 1.) The plaintiff asked why he was being detained, and Norris told him that his "boss"—Detective Murrell—was "trying to obtain a search warrant." (Doc. No. 6 at 1.) The plaintiff also asked to leave or call his attorney "several times," and Norris said no. (Doc. No. 1 at 6.) The plaintiff was not "charged with anything from the traffic stop." (*Id.* at 7.)

Around 11:00 a.m., Detective Murrell left to obtain a search warrant for a residence that Murrell "assumed was [the plaintiff's]." (*Id.*) The plaintiff alleges that the residence was not his (*id.* at 6), that "nothing about that residence was in [his] name" (*id.* at 5), and that he is "only a friend of the lease holder" (Doc. No. 6 at 2). Murrell obtained a search warrant for the residence, which was signed at 2:54 p.m. (Doc. No. 1 at 5.) Around 6:00 p.m., Murrell returned to the scene to take the plaintiff to the residence. (Doc. No. 4 at 2.) Murrell told the plaintiff that police found drugs at the residence. (*Id.*) The plaintiff alleges that he was "formally arrested" at 6:42 p.m. (Doc. No. 6 at 2), and he remains incarcerated "stemming from this illegal detainment" (Doc. No. 4 at 2).

**B.      Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C.      Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

The plaintiff asserts that Detectives Murrell and Norris violated his Fourth Amendment rights by detaining him after a traffic stop for over seven hours before "formally arresting" him. Under the Fourth Amendment, individuals have the right to be free from unreasonable search and seizure. *United States v. Pacheco*, 841 F.3d 384, 389 (6th Cir. 2016) (citing U.S. Const. amend. IV)). "When a motorist is stopped by the police, he, and all of his passengers, are 'seized' within the meaning of the Fourth Amendment." *Id.* at 389–90 (footnote omitted) (citing *Brendlin v. California*, 551 U.S. 249, 256–59 (6th Cir. 2007)). Although "[i]t is eminently reasonable to stop a motorist when the police have probable cause to believe he committed a traffic violation," *United States v. Lash*, 665 F. App'x 428, 430 (6th Cir. 2016) (citing *Whren v. United States*, 517 U.S. 806, 810 (6th Cir. 1996), the resulting seizure "may become unreasonable in 'its manner of execution,'" *id.* (quoting *United States v. Everett*, 601 F.3d 484, 488 (6th Cir. 2010)). To detain a passenger "beyond the purpose of the original violation," an officer "must have had a reasonable and articulable suspicion that criminal activity was afoot." *United States v. Torres-Ramos*, 536 F.3d 542, 550 (6th Cir. 2008) (citing *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999)).

Here, from the filings before the court, Murrell and Norris's rationale for allegedly detaining the plaintiff over seven hours while obtaining and executing a search warrant is unclear. The plaintiff acknowledges that the officers recovered illegal narcotics from the "driver side door," but he maintains that the driver "claimed" the narcotics, received a "state citation," and was then "released." The plaintiff also alleges that he did not have any illegal contraband or outstanding

warrants. Thus, liberally construing the complaint in the plaintiff's favor, the court will not dismiss his Fourth Amendment claim for unreasonably prolonging his detention at this time.

The plaintiff also alleges, however, that he is incarcerated and facing state charges for the drugs allegedly recovered during the search of a residence incident to the warrant obtained during his detention. Where a Section 1983 claim is "related to rulings that will likely be made in a pending or anticipated criminal trial [] ," it is within the court's power and "in accord with common practice" to stay the case "until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 487–88 n.8 (1994)). Here, it appears that Detective Murrell and Norris's rationale for detaining the plaintiff overlaps with the rationale for obtaining the search warrant. And the plaintiff's state charges are based on drugs seized pursuant to this search warrant. Thus, the plaintiff's state prosecution is likely to require a ruling on the legality of the plaintiff's detention. In these circumstances, the court deems it appropriate to stay this action pending resolution of the plaintiff's state criminal proceeding.

The court notes that, if the plaintiff is ultimately convicted in his state criminal case, his Fourth Amendment unreasonably-prolonged-detention claim may face an obstacle under the *Heck* doctrine. Under *Heck*, "a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting *Heck*, 512 U.S. at 487). Thus, if the plaintiff is convicted in state court, and a ruling favorable to the plaintiff in this Section 1983 action would necessarily invalidate that conviction, "*Heck* will require dismissal." *Wallace*, 549 U.S. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)). Otherwise, this action may proceed, "absent some other bar to suit." *Id.*

## III.    Motion to Appoint Counsel

The plaintiff also filed a motion to appoint counsel. (Doc. No. 5.) He states that he cannot afford an attorney, he is not knowledgeable in the law, and he has limited access to a law library. (*Id.* at 1.) Because this is a civil action, appointment of counsel is not a constitutional right, *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citing *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993)), and "is justified only in exceptional circumstances," *id.* (citing *Lavado*, 992 F.2d at 605–06). "To determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).

At this early stage in the proceedings, the plaintiff has demonstrated that he can communicate with the court. Moreover, the plaintiff's circumstances are common to many *pro se* plaintiffs rather than circumstances that are "extraordinary." Accordingly, the plaintiff's motion to appoint counsel will be denied, without prejudice to his ability to renew his request if and when he files a motion to reopen this action in accordance with the accompanying order.

## IV.    Conclusion

For these reasons, this action will be stayed pending the resolution of the plaintiff's state criminal proceedings, so that he may pursue his Fourth Amendment claim for unreasonably prolonged detention at the appropriate time if it is not barred by *Heck* or some other barrier to suit.

The court will enter an appropriate order.

ALETA A. TRAUGER
United States District Judge